IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD WEEKS, #283804, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-609-TMH |
| | ) | |
| KILBY CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Ronald Weeks ["Weeks"], an indigent state inmate incarcerated at the Elmore Correctional Facility, initiated this 42 U.S.C. § 1983 action on July 16, 2012. Upon review of the initial complaint, the court determined it necessary that Weeks file an amended complaint and issued an order containing detailed instructions with respect to his filing the amended complaint. *Order of July 17, 2012 - Doc. No. 4.* Specifically, the court advised Weeks that "the Kilby Correctional Facility is not a proper defendant as a correctional facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)." *Id*. at 1. The court further advised Weeks that he must name individuals as defendants and provide an adequate factual description of how these individuals violated his constitutional rights. *Id.* at 2. The court also informed Weeks that in filing the requisite amended complaint he "must do more than use 'buzzwords' or mere conclusory allegations regarding the defendants' alleged unconstitutional actions." *Id*.

On July 23, 2012, the court received a document from Weeks in response to the order

requiring that he file an amended complaint.  However, this document did not comply with the order of July 17, 2012, as Weeks named only the "Administration [of] Kilby Correctional Facility" as a defendant and presented no specific claims for relief, relying instead solely on general terms regarding purely conclusory allegations of constitutional violations.  Based on Weeks' failure to comply with the order entered on July 17, 2012, the court ordered that this document be stricken from the record and returned to Weeks.  *Order of July 24, 2012 - Doc. No. 6* at 1-2.  The court again provided Weeks an opportunity to file an amended complaint with detailed instructions addressing the appropriate manner in which to file such a complaint.  *Id.* at 2-3.  The court advised Weeks that this case would proceed only on the claims raised in the amended complaint and cautioned him that failure to comply with this order would result in a Recommendation that this case be dismissed.  *Id.*  The time allowed Weeks to file the requisite amended complaint expired on August 9, 2012.  On August 16, 2012, the court entered an order requiring that Weeks show cause why he had failed to file an amended complaint.  *Doc. No. 9*.  This order likewise cautioned Weeks that his failure to file an amended complaint would result in the dismissal of this case.  *Id.*  As of the present date, Weeks has failed to file an amended complaint or any other response to the order entered on July 24, 2012.  Consequently, the court concludes this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint in accordance with the directives of the orders entered in this case.  It is further

ORDERED that on or September 21, 2012 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 7th day of September, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE