IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD WEEKS, #283804, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-609-TMH |
| | ) | [WO] |
| | ) | |
| BOBBY BARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Ronald Weeks ["Weeks"], a state inmate, on November 7, 2012 (Doc. No. 18).  In the amended complaint, Weeks challenges general conditions of confinement to which he was subjected during a previous term of incarceration at the Kilby Correctional Facility.

Pursuant to the orders of this court, the defendant filed a written report supported by relevant evidentiary materials in which he addressed the claims for relief presented by Weeks.  The report and evidentiary materials refute the conclusory allegations presented by Weeks in the amended complaint.  Specifically, these documents demonstrate that the defendant did not subject Weeks to conditions that violated the Eighth Amendment.  In addition, the undisputed evidentiary materials establish that Weeks received ample notice that all calls made on the inmate telephone system, except attorney client communications, are subject to monitoring.

In light of the foregoing, the court issued an order directing Weeks to file a response to the defendant's written report. *Order of January 22, 2013 - Doc. No. 30*.  The order advised Weeks that his failure to respond to the report would be treated by the court "**as an abandonment of the claims**

**set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Weeks for filing a response in compliance with the directives of this order has expired. As of the present date, Weeks has failed to file a response in opposition to the defendant's written report. The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear dismissal of this case is the proper course of action. Weeks is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Weeks has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. Finally, Weeks' actions indicate a loss of interest in the continued prosecution of this case and the report filed by the defendant indicates that no violation of the Constitution occurred. It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and the lack of merit to his claims warrant dismissal.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice. It is further

ORDERED that on or before March 11, 2013 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is

not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of February, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE